836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JoAnn K. JAMES, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-1219.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1988.
 
 Before MERRITT, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 This appeal from a denial of Social Security disability benefits by the Secretary of Health and Human Services seeks to raise the issue of whether an administrative law judge (ALJ) may discount on credibility grounds a claimant's subjective claims of pain when those claims are supported by unrebutted and substantial medical evidence. We find that this issue is not raised by the facts in this case, and we therefore affirm the decision of the District Court, which affirmed the denial of benefits.
 
 
 2
 Plaintiff James has a long history of lower back pain. Her back problems have required two surgical procedures, lumbar laminectomies in both 1974 and 1983. She stopped working as an assignment clerk for the telephone company in 1982, taking a regular retirement pension. When she applied for benefits in 1985, she alleged numerous impairments, the primary one being pain in her lower back radiating to her lower extremities. She stated that she could not engage in prolonged standing, sitting, or walking, and that she had to lie down twice a day for twenty minutes to an hour.
 
 
 3
 In determining whether James was disabled, the ALJ used the five step scheme set forth in 42 U.S.C. Sec. 423(d)(2)(A) and 20 C.F.R. Sec. 404.1520. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 527-28 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). The ALJ found that based on the objective medical evidence, petitioner's impairments would not prevent her from performing a full range of sedentary work. One examining physician had opined that James was disabled, while another examining physician found that she was able to continue the work she was doing prior to her retirement. Neither the treating physician nor the treating orthopedic surgeon expressed an opinion as to whether the plaintiff was disabled. The ALJ found that the opinion of Dr. Fugle, who said that James was disabled, was not supported by his findings on physical examination.
 
 
 4
 The plaintiff's subjective claims of pain were viewed as exaggerated by the ALJ. He correctly applied the standard of 42 U.S.C. Sec. 423(d)(5)(A) in determining that her testimony was not credible. He found that the medical evidence did not support James' testimony that she could stand or sit for only ten minutes at a time. He found that although she testified to limitations on her daily activities which were far more severe than those she indicated when she applied for benefits, there was no medical evidence to indicate that her condition had worsened during that period.
 
 
 5
 The plaintiff seeks to frame the issue in this case in terms of whether the ALJ could reject on credibility grounds her subjective complaints of pain when there is uncontradicted proof of her impairment in the record. However, as the discussion above indicates, the medical evidence was not so clear-cut. The issue is really whether the ALJ relied on substantial evidence in determining that the plaintiff's pain was not as severe as she said it was. It is clear that the ALJ properly relied on both substantial medical evidence and his own credibility findings; therefore, the judgment of the District Court is AFFIRMED.